RKT PROPERTIES, L.L.C., et al., Appellants,

v.

CITY OF NORTHWOOD, Appellee.

[Cite as *RKT Properties, L.L.C. v. Northwood,* 162 Ohio App.3d 590, 2005-Ohio-4178.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–05–009.

Decided Aug. 12, 2005.

William R. Ahern, for appellants.

Brian J. Ballenger, for appellees.

HANDWORK, Judge.

{¶ 1} This accelerated appeal is from the February 4, 2005 judgment of the Wood County Court of Common Pleas, which affirmed the decision of the Northwood Zoning Commission denying a zoning permit and granted summary judgment to appellee, the city of Northwood. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellants, RKT Properties, L.L.C. and Turner Vault Company, assert the following assignments of error on appeal:

{¶ 2} "I. The Trial Court improperly permitted Defendant to file an untimely Answer and untimely responses to Plaintiff's Requested Admissions *after* Plaintiffs had filed for Summary Judgment. [Emphasis added.]

{¶ 3} "II. The Trial Court erred in concluding the Northwood Zoning Code requires crematories, in M–2 heavy industrial districts, must be [sic] 2500 feet away from residential or public lands."

{¶ 4} On October 6, 2004, appellants brought a declaratory judgment action against the city of Northwood pursuant to R.C. 2721.02, 2721.03, 2721.12 and

Civ.R. 57. RKT Properties owns the land and buildings located at 2121 Tracy Road, Northwood, Ohio. Turner Vault leases the land and buildings for the operation of a burial vault manufacturing facility. This property is zoned M–2, Heavy Industrial District. This zoning classification also permits light industrial uses allowable under M–1. Under the M–1 zoning rules, crematories are permitted as long as they are 2,500 feet away from residential and public districts. At issue in this case is whether the setback requirement under the M–1 classification also applies within the M–2 district.

{¶ 5} Turner Vault desired to build a crematorium on the property located in the M–2 district. The Northwood zoning inspector, Board of Zoning Appeals, and Northwood City Council interpreted the zoning code as requiring the 2,500–foot setback and, therefore, appellants could not construct the crematorium. Having exhausted their administrative remedies, appellants sought declaratory judgment from the trial court to determine whether the 2,500–foot setback requirement applies in a M–2 district.

{¶ 6} On November 9, 2004, appellants filed for summary judgment. On November 12, 2004, the court granted leave to appellee to file an answer to the complaint instanter. Appellee asserted in its motion for leave that it had mailed the answer on October 25, 2004, but it had never been received by the clerk. On November 18, 2004, the court granted leave to appellee to file its response to the request for admissions instanter. In its motion for leave, appellee asserted that it had inadvertently failed to include this request with its motion for leave to file an answer after the time for filing had passed. On November 23, 2004, appellee moved for summary judgment. On February 3, 2005, the court granted summary judgment to appellee, holding that the zoning ordinances require the 2,500–foot setback requirement in both the M–1 and M–2 districts. Appellants then appealed to this court.

{¶ 7} In their first assignment of error, appellants argue that the trial court abused its discretion by allowing appellee to untimely file its responses to the requested admissions. In the requests was an allegation that the 2,500–foot setback requirement does not apply to M–2 districts and, therefore, to appellants' property. In their motion for summary judgment, appellants requested that the court find that the failure to respond was an admission of this fact. Only afterward did appellee seek leave to file an untimely answer and respond to the request for admissions.

{¶ 8} Appellants argue that the trial court erred in allowing the untimely response, based upon our holding in *Thompson v. Weaver* (Aug. 7, 1998), 6th Dist. No. WD–97–099, 1998 WL 472329, because appellee did not state a compelling reason for its failure to timely respond. Had the trial court followed the *Thompson* rule, appellants argue, they would have been entitled to summary

judgment as a matter of law. Appellee argues that appellants have failed to demonstrate that the trial court abused its discretion.

{¶ 9} Failure to respond to requests for admissions results in an admission of the facts alleged. Civ.R. 36(A) and *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St.3d 66, 67, 20 OBR 364, 485 N.E.2d 1052. However, the court has the discretion to permit a party to withdraw or amend the admission of a fact under this rule "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits." Civ.R. 36(B).

{¶ 10} In *Cleveland Trust Co. v. Willis,* supra, the Ohio Supreme Court stated that if a party fails to respond to requests for admissions, the court may allow an untimely response under "compelling circumstances." Id. In that case, the party who failed to respond to the request for admissions did not request permission to withdraw the admissions until the day of trial. Furthermore, that party did not cooperate with discovery requests and defied a court order to be deposed. Because of the continual lack of cooperation, the opposing party had to rely upon the admissions in its preparation for trial. The Ohio Supreme Court agreed with the lower court that to permit the party to withdraw his admissions on the eve of trial was not justified. Id. at 68, 20 OBR 364, 485 N.E.2d 1052.

{¶ 11} In *Thompson v. Weaver,* supra, we relied upon the *Willis* case to uphold a trial court's denial of a motion to file late responses to a request for admissions. In the *Thompson* case, the plaintiff filed a complaint against the defendants alleging a zoning violation. The defendants answered the complaint and filed request for admissions. Plaintiff failed to respond to the request for admissions. After defendants filed for summary judgment, plaintiff sought to withdraw the admissions. The trial court refused to permit withdrawal and granted summary judgment to defendants. On appeal, we upheld the trial court's decision. While we noted that the withdrawal of the admissions was a matter left to the trial court's discretion, we further held that plaintiff's attempts to contact opposing counsel just prior to and after the deadline to obtain an extension was not a "compelling" reason for acceptance of the late response to admissions. Id. at 5–6.

{¶ 12} Upon reviewing the *Thompson* case, we find that we emphasized only the requirement of finding no "compelling" reason for withdrawal of the admissions without stating the prejudice involved. Therefore, in this case, we emphasize both aspects of the rule. While cases should ideally be resolved on their merits, Civ.R. 36 enables each party to justifiably rely upon an admission while preparing for trial without incurring prejudice because of that reliance. Therefore, while Civ.R. 36 permits a later withdrawal of the admission, it should be allowed only after considering the prejudice to the other party. Against this

prejudice the court must weigh the "compelling" circumstances that led to the failure to respond to the request for admissions. *Willis,* supra, and *Balson v. Dodds* (1980), 62 Ohio St.2d 287, 290, 16 O.O.3d 329, 405 N.E.2d 293.

{¶ 13} In the case before us, there was no prejudice to appellants by the failure to respond. This case involves only the interpretation of the zoning ordinances. Appellee's position in this case has always been known. Therefore, appellants could not have justifiably relied upon appellee's failure to respond to the request for admissions. Because this case had progressed only to the stage of summary judgment, we find that the trial court did not abuse its discretion by permitting appellee to withdraw its admissions. Appellants' first assignment of error is not well taken.

{¶ 14} In their second assignment of error, appellants argue that the trial court erred by finding that the Northwood Zoning Code requires crematoria in the M–2 district to be 2,500 feet away from residential or public land.

{¶ 15} Summary judgment is reviewed de novo. *Advanced Analytics Labs., Inc. v. Kegler, Brown, Hill & Ritter,* 148 Ohio App.3d 440, 2002-Ohio-3328, 773 N.E.2d 1081, at ¶ 33. Therefore, applying the requirements of Civ.R. 56(C), summary judgment is appropriate only when it is clear "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66–67, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 16} Northwood Zoning Code 1278.01 provides that the purpose of the M–2 district is to "provide, at suitable locations, areas where intensive industrial development may take place." Similarly, the purpose of the M–1 district is to "provide suitable areas of industrial development of a less intensive nature."

{¶ 17} The principally permitted uses within the M–2 district includes "[a]ll uses principally or conditionally permitted in the M–1 District." Section 1278.02(a). Crematoria are conditionally permitted within the M–1 district, subject to approval by the Planning Commission. Section 1276.02(b)(4). Imposed upon the crematorium use in the M–1 District is the condition that "[n]o crematories shall be established with a radius of 2500 feet of any Residential and Public Owned District." Section 1276.02(b)(4)A.

{¶ 18} At issue in this case is whether the conditions imposed upon the crematoria in the M–1 district apply in the M–2 district. Appellants argue that crematoria are listed as a principally-permitted use in the M–1 district because no conditions are stated within that section. Appellee argues that the conditions

apply. Appellee submitted the affidavits of the Chair and former Chair of the Northwood Planning Commission. Both individuals attested that the commission interprets the zoning code as requiring the setback in both the M–1 and M–2 districts. Appellants cannot meet this requirement.

{¶ 19} The trial court considered the rules of application set forth in the zoning code. Section 1240.05(b) provides: "When both a provision of this Zoning Code and any other provision of this Zoning Code, or any provision in any other law, ordinance, resolution, rule or regulation of any kind, contain any restrictions covering any of the same subject matter, whichever restrictions are more restrictive or impose higher standards or requirements shall govern." Furthermore, the code provides that "the particular controls the general" (Section 1240.04(a)) and that "the word 'shall' is always mandatory and not directory" (Section 1240.04(c)).

{¶ 20} Upon consideration of the rules of application, the trial court reasoned that because Section 1276.02(b)(4)(A) provides that the condition "shall" be imposed, the condition is mandatory whether the use is conditionally or principally permitted. The court also reasoned that this interpretation is consistent with the rule of law that restrictive provisions of a statute must be strictly and liberally construed to include limitations that are clearly prescribed. *State ex rel. Moore Oil Co. v. Dauben* (1919), 99 Ohio St. 406, 124 N.E. 232, paragraph one of the syllabus. Therefore, the court concluded that the zoning board had properly interpreted the zoning code. Noting that there was a confusion as to whether this was a declaratory judgment action or an administrative appeal, the court determined that this was in essence an administrative appeal because appellants were not challenging the constitutionality of the zoning code. Therefore, the court applied the standard of review applicable to administrative appeals and held that there was no basis for finding that the board arbitrarily or unreasonably interpreted the zoning code. Appellants do not challenge the court's characterization of the case. Under R.C. 2506.04, the trial court's judgment is appealable to this court on questions of law.

{¶ 21} We find that the trial court properly interpreted the zoning code in this case. When read as a whole, the zoning code clearly states that crematoria are subject to a setback requirement whether they exist in the M–1 district or the M–2 district. Because the code incorporates the conditional uses of the M–1 district into the M–2 district without removing the conditions, we must interpret the code as providing that the conditions are applicable in both districts. Certainly, the city could have separated the principally and conditionally permitted uses more clearly by placing them in separate subsections. However, we find that the failure to do so does not preclude us from perceiving their intention reflected in

the language of the zoning code to maintain the conditions on crematoria throughout the M–1 and M–2 districts.

{¶ 22} Accordingly, we find appellants' second assignment of error not well taken.

{¶ 23} Having found that the trial court did not commit error prejudicial to appellants and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas is affirmed.

Judgment affirmed.

SINGER, P.J., and SKOW, J., concur.