The ILLUMINATING COMPANY, Appellant and Cross–Appellee,

v.

RIVERSIDE RACQUET CLUB, LTD., Appellee and Cross–Appellant.

[Cite as *Illum. Co. v. Riverside Racquet Club, Ltd.,*
165 Ohio App.3d 153, 2005-Ohio-5548.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85759.

Decided Oct. 20, 2005.

**154**

Weltman, Weinberg & Reis Co., L.P.A., Donald A. Mausar, and Andrew C. Voorhees, for appellant and cross-appellee.

McIntyre, Kahn & Kruse Co., L.P.A., Thomas M. Horwitz, and Robert W. McIntyre, for appellee and cross-appellant.

KENNETH A. ROCCO, Judge.

{¶ 1} Plaintiff-appellant, The Illuminating Company ("IC"), appeals from a common pleas court order granting summary judgment for defendant-appellee, Riverside Racquet Club, Ltd., on the ground that IC's claims were barred by res judicata. Riverside has cross-appealed the court's denial of its motion to deem facts admitted. For the following reasons, we find that genuine issues of material fact precluded the common pleas court from entering summary judgment for Riverside on IC's complaint. Accordingly, we reverse and remand for further proceedings. However, we find that the court did not abuse its discretion by denying Riverside's motion to deem facts admitted, and we therefore overrule its cross-assignment of error.

{¶ 2} IC filed its complaint on October 31, 2003, and amended it on January 7, 2004 after the court granted Riverside's motion for a more definite statement. IC claimed that it supplied electrical service to 15381 Royalton Road, Strongsville, Ohio, from August 1, 1997 to January 5, 2001 pursuant to an account established in the name of River Run Racquet Club, a trade name of Riverside. IC averred that the trade name was cancelled by operation of law on December

28, 1992, but that it was not apprised of that fact. It further claimed that Riverside was the owner of the property from September 23, 1998 until March 8, 2002. IC asserted that it had not been paid $23,008.79 for electrical services provided to the premises from March 10, 1999 until January 5, 2001. Riverside later sold the property and cancelled its limited partnership. IC claimed that Riverside was unjustly enriched by the services that IC had provided. Riverside answered, denying the essential allegations of the complaint and asserting, among other affirmative defenses, that the complaint was barred by res judicata.

{¶ 3} Riverside moved the court to deem certain matters admitted on the ground that IC had failed to respond to its request for admissions in a timely manner. Four days later, IC filed a response indicating that it had supplied responses to Riverside. The court then denied Riverside's motion.

{¶ 4} Riverside moved for summary judgment on April 5, 2004. It asserted that IC had obtained a judgment in the amount of $22,935.29 against River Run Racquet Club, Ltd. on October 17, 2001 for electrical services provided to the same property during the same time period involved in the present case. Riverside claimed that the judgment was res judicata with respect to any claims IC might have against Riverside. In support of this argument, Riverside attached a copy of the complaint filed in the prior case as well as the default judgment entered against River Run Racquet Club. IC responded, arguing that Riverside was not a party to the prior action, so res judicata is not applicable. The trial court granted summary judgment for Riverside.

{¶ 5} IC now argues that genuine issues of material fact precluded the court from entering summary judgment for Riverside. It argues that there was no privity as between River Run and Riverside, and, therefore, the prior judgment against River Run should not bar its present claim against Riverside. Alternatively, it argues that the judgment against River Run was void because River Run does not exist, and a void judgment cannot be res judicata. Finally, it asserts that strict application of the doctrine of res judicata would work an injustice. Riverside responds that it was in privity with River Run and that the prior judgment against River Run arose out of the same transactions as the present case.

{¶ 6} We review de novo a trial court order granting summary judgment. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 319, 767 N.E.2d 707. Therefore, Riverside may prevail under Civ.R. 56(C) only if (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243.

{¶ 7} Viewing the evidence in the light most favorable to IC, it appears that the account in issue was established in the name of "River Run Racquet Club, Ltd." on August 1, 1977. There is no evidence that a limited partnership by this name existed at that time,[1] nor is it clear whether it was a fictitious name used by Riverside at that time.

{¶ 8} There is, however, evidence that several months after the account was established, on December 20, 1977, "River Run Racquet Club" was registered as a trade name of Riverside. This trade name registration was cancelled by operation of law on December 28, 1992. The name on IC's account was not changed, although there is no evidence whether Riverside otherwise continued to use the name River Run Racquet Club after the cancellation of the trade name registration.

{¶ 9} The evidence does not disclose who owned the property at the time this account was established in 1977, or what relationship River Run or Riverside may have had to it between August 1977 and September 1998. There is evidence that Riverside became the owner of the property in September 1998 and sold it in 2002.

{¶ 10} When the true legal status of a defendant is unknown, it can be properly sued and served with a complaint that identifies it only by a fictitious name, even if that name is not registered as a trade name. R.C. 1329.10; *Family Medicine Found., Inc. v. Bright,* 96 Ohio St.3d 183, 2002-Ohio-4034, 772 N.E.2d 1177; *Martin v. Bedroom Emporium* (Dec. 24, 1997), Summit App. No. 18509, 1997 WL 803081. When the plaintiff learns the defendant's correct name, the plaintiff may amend the complaint to name the correct party. *Hartley v. Clearview Equine Veterinary Serv.,* Lucas App. No. L–04–1163, 2005-Ohio-799, 2005 WL 435169, ¶ 6. On the other hand, when the plaintiff knows the real legal status of the defendant and nevertheless names the fictitious entity without indicating its legal status in the caption, any judgment (including a default judgment) rendered against the fictitious entity is void because the court did not obtain personal jurisdiction over the known but unnamed defendant. *Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573, 576, 589 N.E.2d 1306.

{¶ 11} Here, it is not clear whether IC knew that River Run Racquet Club was a fictitious name or that Riverside was the user of that name at the time it filed its prior complaint. If it did not, then the default judgment was a valid default judgment against Riverside.[2]

---

1. The designation "Ltd." generally refers to a limited partnership. R.C. 1782.02(A).

2. The parties' arguments about privity are irrelevant. If River Run was a fictitious name for Riverside, then they were not merely in privity; they were the same entity.

{¶ 12} On the other hand, if IC did know that River Run was a fictitious name used by Riverside and failed to name Riverside in the prior complaint, then the court never obtained personal jurisdiction over Riverside in that action and the judgment obtained on the fictitious name was void. If the prior judgment was void, then it cannot be res judicata.

{¶ 13} Accordingly, genuine issues of material fact precluded judgment for either party on the question whether the prior judgment was res judicata here, and the court erred by entering judgment for Riverside.

{¶ 14} Riverside's cross-appeal asserts that the court erred by denying its motion to deem matters admitted. Pursuant to Civ.R. 36(A), the matter which is the subject of a request for admission "is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Thus, the matters requested were admitted as soon as IC failed to respond; no court order was needed.

{¶ 15} Civ.R. 36(B) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * * [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits." Based upon this provision, the court could allow IC to avoid the conclusive effect of its failure to timely respond to the request for admissions if presentation of the merits would be enhanced and Riverside failed to demonstrate that it would be prejudiced. *Balson v. Dodds* (1980), 62 Ohio St.2d 287, 290, 16 O.O.3d 329, 405 N.E.2d 293. No formal motion by IC was needed so long as the court could find that it was contesting the truth of the admissions. Id.; *Cheek v. Granger Trucking* (Nov. 1, 2001), Cuyahoga App. No. 78805, 2001 WL 1398454, at fn. 2. The potential prejudice to the other party must be weighed against the compelling circumstances that led to the failure to timely respond to the request for admissions. *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St.3d 66, 20 OBR 364, 485 N.E.2d 1052; *RKT Properties, L.L.C. v. Northwood,* Wood App. No. WD–05–009, 2005-Ohio-4178, 834 N.E.2d 393, ¶ 12.

{¶ 16} In this case, the trial court did not abuse its discretion by allowing IC to withdraw its admissions and respond to Riverside's requests. The respons-

es were only a few days late; Riverside could not possibly have relied upon them yet. Therefore, we overrule the cross-assignment of error.

The judgment is reversed, and the cause is remanded for further proceedings.

Judgment accordingly.

GALLAGHER, P.J., and KILBANE, J., concur.