OPINION
{¶ 1} Defendant-appellant, Kathryn M. Rees, appeals from a judgment of the Franklin County Municipal Court granting summary judgment in favor of plaintiff-appellee, Asset Acceptance, L.L.C. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On June 30, 2004, plaintiff filed a complaint in the Delaware County Municipal Court, seeking an unpaid balance on a promissory note. Defendant did not file an answer to the complaint, but she did file a motion to dismiss alleging improper venue. A magistrate of the Delaware County Municipal Court issued a decision stating that dismissal is not the proper remedy in cases of improper venue. On August 6, 2004, plaintiff filed a motion for a change of venue to the Franklin County Municipal Court. On August 19, 2004, the Delaware County Municipal Court granted said motion, and the matter was transferred to the Franklin County Municipal Court. On February 28, 2005, plaintiff filed a motion for summary judgment. Plaintiff attached to said motion a copy of the notice of service of discovery requests and its combined interrogatories, request for production of documents and request for admissions. The notice of service was filed in the trial court on January 20, 2005. Also attached to the motion was an affidavit of Frank Vanosky, an assistant branch manager of plaintiff's Cleveland office.
 {¶ 3} On March 14, 2005, defendant filed a memorandum in opposition to summary judgment, a motion to strike Mr. Vanosky's affidavit, and a counterclaim.
 {¶ 4} On March 22, 2005, the trial court ruled upon plaintiff's motion for summary judgment. Upon its review of all relevant material, the trial court granted summary judgment in favor of plaintiff and against defendant in the principal amount of $4,335.39 plus accrued interest in the amount of $6,752.84 through May 21, 2004, and interest thereafter at the rate of 12.75 percent per annum. The court also dismissed defendant's counterclaim, finding it to be outside the rules and without legal basis. The trial court did not expressly rule upon the pending motion to strike.
 {¶ 5} On April 15, 2005, defendant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Prior to any ruling on the Civ.R. 60(B) motion, defendant filed a notice of appeal.[1]
 {¶ 6} In this appeal, defendant has assigned the following single assignment of error:
The trial court erred in granting summary judgment to Appellee because Appellee's motion for summary judgment did not have adequate evidentiary support.
 {¶ 7} Appellate review of a lower court's granting of summary judgment is de novo. Mitnaul v. Fairmount Presbyterian Church,149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 8} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial.Dresher, at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421; Civ.R. 56(E). Civ.R. 56(C) provides that summary judgment is appropriate only if the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," show there to be no genuine issue of material fact. Civ.R. 56(C) states that no evidence may be properly considered in connection with a motion for summary judgment, "except as stated in this rule." Civ.R. 56(E) provides, in pertinent part, as follows: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."
 {¶ 9} In support of her assignment of error, defendant seems to argue that the trial court erred in not granting her motion to strike Mr. Vanosky's affidavit, which sets forth the amount due on the loan, and states that the debt was assigned to plaintiff.[2] Specifically, defendant argues that the affidavit of Mr. Vanosky does not assert personal knowledge and is hearsay, and therefore fails to comply with Civ.R. 56(E). In response, plaintiff argues that defendant did not raise the issue of whether Mr. Vanosky indicated his personal knowledge in his affidavit. We find that in defendant's motion to strike the affidavit, she argued that Mr. Vanosky did not state that he had "original knowledge of the debt." Therefore, defendant has not waived this issue.
 {¶ 10} A trial court's decision to grant or deny a motion to strike an affidavit will not be overturned on appeal, absent a showing of an abuse of discretion. Churchill v. Gen. MotorsCorp., Butler App. No. CA2002-10-263, 2003-Ohio-4001, at ¶ 9. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} Evid.R. 602 requires lay witnesses to have personal knowledge of the matters about which they testify. Similarly, as stated above, Civ.R. 56(E) requires that affidavits filed in support of or in opposition to summary judgment must be made on personal knowledge. "Personal knowledge" has been defined as "[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said." Black's Law Dictionary (7 Ed.Rev. 1999) 877.
 {¶ 12} As noted by defendant, the affiant did not specifically aver that his statements were based on his personal knowledge. However, notwithstanding the absence of such a statement, it has been held that personal knowledge may be inferred from the contents of an affidavit. See BeneficialMortgage Co. v. Grover (July 20, 1983), Seneca App. No. 13-82-41. Moreover, we observe that "[a] trial court has wide discretion in determining whether a witness has sufficient personal knowledge to be competent to testify." Starinchak v.Sapp, Franklin App. No. 04AP-484, 2005-Ohio-2715, at ¶ 27. Upon our review of Mr. Vanosky's affidavit, we conclude that the trial court did not abuse its discretion in not striking the affidavit. Therefore, we find defendant's argument as to Mr. Vanosky's affidavit to be unpersuasive.
 {¶ 13} In this appeal, defendant also argues that the request for admissions was not served upon her. To the contrary, we find that the record indicates that, on January 20, 2005, plaintiff filed a notice of service of discovery requests, indicating that it served defendant with a copy of its first set of interrogatories, request for production of documents and request for admissions, at 6460 Cranston Way, Apt. 729, Dublin, Ohio 43017. That address is the same address found on the certified mail receipt signed by defendant, which indicated proper service of the complaint. Significantly, defendant did not submit, prior to the trial court entering final judgment, any evidence indicating that she did not receive the request for admissions. Moreover, we observe that plaintiff designated, pursuant to Civ.R. 36(A), that defendant was required to respond within 28 days from the date she received the request. Our review of the record reveals that defendant did not timely respond to the request.
 {¶ 14} Therefore, the record before the trial court, at the time it entered its judgment, indicated that defendant was served with the request for admissions, and that she did not timely respond. The failure of a party to timely respond to requests for admissions results in the admission of the facts alleged. RKTProperties, LLC v. Northwood, 162 Ohio App.3d 590,2005-Ohio-4178, citing both Civ.R. 36(A) and Cleveland Trust Co.v. Willis (1985), 20 Ohio St.3d 66, 67. Pursuant to Civ.R. 36(B), "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Furthermore, "[a]n admission by default under Civ.R. 36(A) is deemed a written admission competent to support a motion for summary judgment." Albrecht,Inc. v. Hambones Corp., Summit App. No. 20993, 2002-Ohio-5939, at ¶ 27. Here, the admissions established: (1) that defendant executed a loan with Bank One; (2) that she failed to make the required payments under the loan; (3) that she was in default; and (4) the amount due and owing pursuant to the terms of the loan. Although the admissions did not establish the assignment of the debt to plaintiff, Mr. Vanosky's affidavit provided evidence of that assignment.
 {¶ 15} Lastly, defendant argues that the statute of frauds required the alleged assignment to be in writing, and absent a submission of that writing, plaintiff was not entitled to summary judgment. Defendant did not raise the statute of frauds as an issue in the trial court for its consideration before it entered judgment on March 22, 2005. As such, for purposes of this appeal, defendant has waived this issue, and we decline to address it.
 {¶ 16} Based on the foregoing, we conclude that the trial court did not err in granting summary judgment in favor of plaintiff. Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Klatt, P.J., and Bryant, J., concur.
[1] The filing of the notice of appeal divested the trial court of jurisdiction to consider defendant's Civ.R. 60(B) motion.Duncan v. Capital South Community Urban Redevelopment Corp.,
Franklin App. No. 02AP-653, 2003-Ohio-1273, at ¶ 19, citingHoward v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994),70 Ohio St.3d 141. Additionally, in this appeal, this court lacks jurisdiction to consider the merits of defendant's Civ.R. 60(B) motion. Id.
[2] Although the trial court did not expressly address defendant's motion to strike Mr. Vanosky's affidavit, it has been stated that any pending motions that a trial court does not expressly rule upon ordinarily are considered impliedly overruled. Maust v. Palmer (1994), 94 Ohio App.3d 764, 769. Therefore, we find that the trial court impliedly overruled defendant's motion to strike Mr. Vanosky's affidavit.