JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.
 {¶ 2} Plaintiff Valentin Dobra appeals from the trial court's grant of summary judgment to Rush Trucking Corp., Condor Transport, Inc., and Ilie Stroia in plaintiff's action for overtime wages under the Fair Labor Standards Act. For the reasons set forth below, we affirm.
 {¶ 3} On February 21, 2006, plaintiff filed this action against defendants alleging that he had been employed by defendants, that he was paid less than minimum wage, and denied overtime in violation of the Fair Labor Standards Act ("FSLA") 29 U.S.C. 201 et seq., that he was fired for demanding to be compensated pursuant to the FSLA, and that defendants had engaged in a conspiracy to violate his rights.
 {¶ 4} Defendants denied liability and propound requests for admissions to plaintiff. In relevant part, the request for admissions asked plaintiff to admit that he had been properly compensated, that there were no FSLA violations and that he was not fired in retaliation for FSLA complaints. Defendants also moved for summary judgment presented evidence that plaintiff was properly compensated and that since plaintiff was an interstate truck driver, the FSLA overtime provisions were inapplicable under the exemption set forth in 29 U.S.C. 213. Defendants also averred that plaintiff voluntarily quit the position and this coupled with plaintiff's *Page 4 
failure to respond to the request for admissions, entitled them to judgment as a matter of law on the retaliation claim. Finally, defendants asserted that the failure of the underlying claims necessarily negated the conspiracy claim.
 {¶ 5} In opposition, plaintiff reiterated that he had not been properly compensated and that defendants had improperly listed him as an independent contractor.
 {¶ 6} The trial court granted defendants' motion for summary judgment. Plaintiff now appeals
 {¶ 7} For his sole assignment of error, plaintiff asserts that there were genuine issues of material fact which precluded the entry of summary judgment on the claims for relief.
 {¶ 8} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 1996-Ohio-336, 671 N.E.2d 241. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if, as a matter of law, no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378, 701 N.E.2d 1023, citing Dupler v. MansfieldJournal (1980), 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187.
 {¶ 9} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that *Page 5 
conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co., Inc.
(1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46; Civ.R. 56(C).
 {¶ 10} The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp.v. Catrett (1987), 477 U.S. 317, 330, 91 L.Ed.2d 265, 106 S.Ct. 2548;Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59, 604 N.E.2d 138.
 {¶ 11} The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Wing v. AnchorMedia, Ltd. (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095;Celotex, supra, at 322. In accordance with Civ.R. 56(E), "a nonmovant may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial." Chaney v. Clark Cty. Agricultural Soc. (1993),90 Ohio App.3d 421, 424, 629 N.E.2d 513.
 {¶ 12} With regard to a failure to respond to a request for admissions, we note that Civ. R. 36(B) states:
 {¶ 13} "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * * [The trial court] upon motion, may permit the withdrawal or amendment of a admission *Page 6 
when presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."
 {¶ 14} In RKT Props., LLC v. Northwood, 162 Ohio App. 3d 590;2005-Ohio-4178; 834 N.E.2d 393; this court stated:
 {¶ 15} "Failure to respond to requests for admissions results in an admission of the facts alleged. Civ.R. 36(A) and Cleveland Trust Co. v.Willis (1985), 20 Ohio St.3d 66, 67, 485 N.E.2d 1052, certiorari denied (1986), 478 U.S. 1005, 92 L.Ed.2d 710, 106 S.Ct. 3295. However, the court has the discretion to permit a party to withdraw or amend the admission of a fact under this rule `when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.'"
 {¶ 16} As to the substantive law, we note that 29 U.S.C. § 207(a)(1) of the FSLA requires a covered employer to pay an individual for work performed in excess of forty hours a week at a rate not less than 1 1/2 times the employee's regular hourly rate.
 {¶ 17} Section 213(b)(1) of the FSLA indicates, however, that the overtime provisions which are the subject of this action are not applicable to any employee with respect to whom the Secretary of Transportation has power to establish maximum hours of service. The Motor Carriers Act, 49 U.S.C. § 301 et seq., *Page 7 
provides that the Secretary of Transportation has power to regulate the hours and working conditions of those who (1) are employed by common carriers by motor vehicle who are engaged in interstate commerce,49 U.S.C. § 304, and (2) engage in activities which directly affect the safety of operation of such motor vehicles in interstate commerce. SeeUnited States v. American Trucking Associations, Inc., 310 U.S. 534,60 S.Ct. 1059, 84 L.Ed. 1345 (1940).
 {¶ 18} Similarly, 29 CFR 782.2 provides for an exemption of an employee from the hours provisions of the FSLA and states, in relevant part, as follows:
 {¶ 19} "2) The exemption is applicable, under decisions of the U.S. Supreme Court, to those employees and those only whose work involves engagement in activities consisting wholly or in part of a class of work which is defined: (i) As that of a driver, driver's helper, loader, or mechanic, and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act.Pyramid Motor Freight Corp. v. Ispass [(1947)], 330 U.S. 695,67 S. Ct. 954, 91 L. Ed. 1184 * * * *."
 {¶ 20} 49 C.F.R. § 395.3 provides for the Secretary of Transportation's regulation of the driving time for interstate commerce truck drivers as it sets forth the "maximum driving time for property-carrying vehicles."
 {¶ 21} Further, in Benson v. Universal Ambulance Service, Inc. (C.A. 6, 1982), 675 F.2d 783, the court stated: *Page 8 
 {¶ 22} "It would appear to be beyond question that the driver of a common carrier vehicle directly affects the safety of operation of that vehicle." Id., citing to 49 CFR § 390.11. Accord Troutt v. StavolaBros., Inc. (C.A.4, 1997), 107 F.3d 1104, 1106-110 ("The Secretary of transportation's jurisdiction comprises only certain classes of motor carrier employees including truck drivers, loaders, mechanics, and if an employee falls within one of these classes, does the Motor Carrier Act govern him.").
 {¶ 23} The application of an exemption under the FLSA is an affirmative defense on which the employer has the burden of proof.Corning Glass Workers v. Brennen (1974), 417 U.S. 188, 196-97,41 L.Ed. 2d 1, 94 S.Ct. 2223.
 {¶ 24} In this matter, it is undisputed that plaintiff is an interstate commerce truck driver of property carrying vehicles. As such, he engages in activities which directly affect the safety of operation of such motor vehicles in interstate commerce, and specifically, he is subject to the maximum driving time for property-carrying vehicles under49 C.F.R. § 395.3. There are no genuine issues of material fact and defendants are entitled to application of the exemption from FSLA overtime requirements, by operation of 29 U.S.C. 213 (b)(1) and29 CFR 782.2
 {¶ 25} With regard to the retaliation claim, 29 U.S.C. § 215(a)(3) of the FSLA provides that it shall be unlawful for any person:
 {¶ 26} "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be *Page 9 
instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."
 {¶ 27} Courts apply the burden shifting analysis of McDonnell Douglasv. Green (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 to FLSA retaliation claims. Adair v. Charter County of Wayne (C.A., 6 2006),452 F.3d 482.
 {¶ 28} A plaintiff must prove the following elements to establish a prima facie case of retaliation under the FLSA:
 {¶ 29} (1) he or she engaged in a protected activity under the FLSA; (2) his or her exercise of this right was known by the employer; (3) thereafter, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action. Id.
 {¶ 30} Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for its adverse employment action. Id. If the defendant provides a legitimate, non-retaliatory reason for its action, then the plaintiff must prove by a preponderance of the evidence the defendant's proffered reason is not the true reason for the adverse employment action, but is a mere pretext for illegal retaliation. Id. A plaintiff may demonstrate pretext by showing: (1) the proffered reason had no basis in fact; (2) the proffered reason did not actually motivate the defendant's adverse action; or (3) the defendant's proffered reason was insufficient to motivate the adverse action. Id. *Page 10 
 {¶ 31} In this matter, the record indicates that the request for admissions sought a response to a statement denying that plaintiff was fired in retaliation for asserting FSLA claims. There was no response to the request for admissions and they were deemed admitted. In addition, Defendants averred that plaintiff voluntarily quit, and no evidence in opposition was offered as to this point. The trial court therefore properly awarded defendants summary judgment as to the retaliation claim.
 {¶ 32} As to the claim for civil conspiracy, we note that there must be a viable claim distinct from the conspiracy in order for the conspiracy claim to survive. Bradigan v. Strongsville City Schs., Cuyahoga App. No. 88606, 2007-Ohio-2773, Gosden v. Louis (1996),116 Ohio App.3d 195, 219, 687 N.E.2d 481. As such, the failure of the underlying claims results in the failure of the conspiracy claim. In this matter, the failure of the underlying FSLA violation and retaliation claims necessarily results in the failure of the civil conspiracy claim for relief.
 {¶ 33} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, JUDGE
 JAMES J. SWEENEY, P.J., and KENNETH A. ROCCO, J., CONCUR.