DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants bring this accelerated appeal from a decision of the Sylvania Municipal Court denying appellants' motion to withdraw admissions and granting summary judgment in favor of appellee.
 {¶ 2} On September 12, 2006, appellee, B T Distributors, Inc., filed a complaint against appellants, CSK Construction Inc. and its owner, Sam Khalaf. The *Page 2 
complaint contained four claims arising from several alleged unpaid invoices on an account. Appellants filed an answer on October 18, 2006, denying most of the allegations set forth in the complaint.
 {¶ 3} Appellee filed a notice of mailing of discovery requests on July 3, 2007. The included requests for admissions were as follows:
 {¶ 4} "Admit that the Accounts Receivable pages Invoice Report attached as Exhibit A to Plaintiffs Complaint is a true and accurate record of the invoices sent to [appellants].
 {¶ 5} "Admit that Sam Khalaf signed the credit application personally guaranteeing payment.
 {¶ 6} "Admit that [appellants have] failed to pay these invoices.
 {¶ 7} "Admit that as of April 13, 2006, [appellants] owe [appellee] the sum of $7006.70."
 {¶ 8} On May 9, 2007 the court assigned the case for mediation. The parties attended mediation on August 23, 2007, but did not reach a resolution. On September 7, 2007, appellee filed a motion for summary judgment. Appellee argued that because appellants failed to respond to the requests for admissions, the matters were deemed admitted pursuant to Civ.R. 36(A). Appellee argued that these admissions were sufficient to support summary judgment in its favor.
 {¶ 9} On September 13, 2007, the court set a trial date of October 4, 2007. Nine days before the trial date, appellants filed a motion to withdraw admissions. Appellants *Page 3 
noted that matters deemed admitted because of a failure to timely respond may be withdrawn with permission of the court. Civ.R. 36(B). Appellants further contend that they had met the two-prong test for withdrawal of admissions: first, the presentation of the merits would be not be subserved by allowing the withdrawal, and second, the withdrawal would not prejudice appellee. To support this, appellants pointed to the fact that "the focus [of the case] was on a mediated resolution," and that appellee could not have reasonably relied upon the admissions because they went to the heart of the case. Further, appellants argued that it is unlikely that appellee could demonstrate prejudice in the withdrawal of the admissions because it was close to trial and appellee had gathered its evidence prior to mediation.
 {¶ 10} On September 28, 2007, the trial court denied appellants' motion to withdraw admissions and granted appellee's motion for summary judgment. The court found that appellants had not demonstrated compelling circumstances to justify their failure to respond to requests for admissions filed months earlier. The court further found that to allow appellants to withdraw its admissions only nine days before trial "not only would prejudice [appellee]'s `pursuit of its remedy and [entail] further delay, but * * * would * * * put a premium upon lack of diligence.'" Once the court found that the matters were deemed admitted, there was no remaining issue of material fact, and the court granted summary judgment.
 {¶ 11} Appellants now appeal the judgment of the court, arguing that the trial court failed to apply the proper test to its motion to withdraw admissions. *Page 4 
 {¶ 12} Civ.R. 36(A) provides in part that "[a] party may serve upon any other party a written request for the admission * * * of the truth of any matters * * *." "* * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter * * *." Further, "[a] request for admission can be used to establish a fact, even if it goes to the heart of the case."Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 67.
 {¶ 13} In this case, the parties agree that appellee's request for admissions was mailed on July 3, 2007, and that appellee requested the responses within 28 days. Therefore, appellants' response was due July 31, 2007. Id. at 68. Appellants did not respond to the request or make any motion with the court referencing the request until September 27, 2007, nearly two months after the date the response was due. Therefore, the matters in the request were properly deemed admitted.
 {¶ 14} A matter deemed admitted, however, is not always conclusively admitted. Civ.R. 36(B) states in part:
 {¶ 15} "[T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. * * *" *Page 5 
 {¶ 16} Whether to allow withdrawal or amendment of the admission is within the trial court's discretion. Szigeti v. Loss Realty Group, 6th Dist. No. L-03-1160, 2004-Ohio-1339, ¶ 19. Accordingly, we must review the trial court's decision under an abuse of discretion standard.Whitehouse v. The Customer is Everything!, Ltd., 11th Dist. No. 2007-L-069, 2007-Ohio-6936, ¶ 27. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} Appellants argue that the trial court did not apply the correct standard, and therefore the trial court's decision was unreasonable, arbitrary, and unconscionable. Appellants maintain that the test for whether to permit a withdrawal of admissions is a two-prong test. In this test, the court must consider whether the merits of the case will be subserved, and the prejudice to the other party. Further, appellants claim that the circumstances surrounding the failure to respond to a request for admissions are irrelevant. To support this argument, appellants cite Kutscherousky v. Integrated Communications Solutions,LLC, 5th Dist. No. 2004 CA 00338, 2005-Ohio-4275. InKutcherousky, the court followed prevailing federal law, and rejected the trial court's ruling that a party must show compelling circumstances to withdraw admissions. Id. at ¶ 17 and 22.
 {¶ 18} Many Ohio courts, including this court, do require a showing of compelling circumstances, in addition to considering prejudice. "[W]hile Civ.R. 36 permits a later withdrawal of the admission, it should be allowed only after considering the prejudice to *Page 6 
the other party. Against this prejudice the court must weigh the `compelling' circumstances that led to the failure to respond to the request for admissions." RKT Properties, LLC v. Northwood,162 Ohio App.3d 590, 2005-Ohio-4178, ¶ 12, citing Cleveland Trust v. Willis, supra, and Balson v. Dodds (1980), 62 Ohio St.2d 287, 290. See, also,Whitehouse v. The Customer is Everything!, Ltd., supra, ¶ 34.
 {¶ 19} In this case, appellants' response to appellee's request for admissions was nearly two months after the due date, and only nine days prior to trial. The case had proceeded past pre-trial, discovery, mediation, and appellee had submitted a motion for summary judgment. Further, appellants set forth no reason, compelling or otherwise, for their failure to timely respond. Considering the advanced procedural phase of the case, permitting a withdrawal of admissions would prejudice appellee. Accordingly, we conclude that the trial court did not abuse its discretion by denying appellants' motion to withdraw their admissions. Appellants' first and second assignments of error are not well-taken.
 {¶ 20} On consideration whereof, the judgment of the Sylvania Municipal Court is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1