[Cite as *Himes v. Smith*, 2012-Ohio-184.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| EMILY D. HIMES | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, Jr. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| ROBERT D. SMITH, ET AL. | : | Case No. 2011CA00086 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2009CV04793


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            January 17, 2012


APPEARANCES:

For Plaintiff-Appellee                    For  Defendants-Appellants

DARRELL W. HOLLAND, JR.                   DEAN W. VAN DRESS
4808 Munson Street, NW                    46 Front Street
Canton, OH  44718                         Berea, OH  44017

*Farmer, J.*

{¶1} In 2008, appellant, Robert D. Smith, Jr., and appellee, Emily D. Himes, attended real estate sales license classes at Hondros College. During the course of the class, appellee asked appellant if he would be interested in renovating her home as he operated a construction/rehab business. On July 29, 2008, the parties entered into an agreement for construction services. The contract was signed at appellee's home, and appellee gave appellant $5,000.00 to begin renovations.

{¶2} On June 16, 2009, appellee filed a complaint in the Canton Municipal Court against appellant and his business, RDSJR Construction, alleging breach of contract regarding the work performed, or lack thereof, on her home. On August 19, 2009, appellant filed an answer and counterclaim for money due and owing.

{¶3} On November 19, 2009, appellee served appellant with notice that she was cancelling the contract.

{¶4} On December 10, 2009, appellee filed an amended complaint adding claims under the Consumer Sales Practices Act, the Deceptive Trade Practices Act, and the Home Solicitation Act as the contract did not include a cancellation notice as required by law. As a result of this filing, the case was transferred to the Common Pleas Court on December 15, 2009. On February 16, 2010, appellant filed an answer, an amended counterclaim, and a request for mediation. The parties engaged in mediation, but it was unsuccessful.

{¶5} On February 4, 2011, appellee filed a motion for summary judgment, and requested that the admissions that appellant had failed to answer be deemed admitted. On February 24, 2011, appellant filed a motion to amend admissions. By judgment

entry filed March 15, 2011, the trial court denied appellant's request to amend admissions, and granted appellee's motion for summary judgment on her complaint and appellant's counterclaim. The trial court awarded appellee a total of $102,750.62 as against appellant.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶7} "THE COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO MODIFY ADMISSIONS."

II

{¶8} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE BECAUSE THERE ARE ISSUES OF MATERIAL FACTS TO BE LITIGATED."

I

{¶9} Appellant claims the trial court erred in denying his motion to modify his admissions as he never received appellee's request for admissions because of faulty delivery. We disagree.

{¶10} The decision as to whether to permit a modification to admissions rests in a trial court's sound discretion. *Balson v. Dodds* (1980), 62 Ohio St.2d 287; Civ.R. 36(B). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶11} Civ.R. 36 governs requests for admission. Subsection (B) states the following:

{¶12} "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ. R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by the party for any other purpose nor may it be used against the party in any other proceeding."

{¶13} As explained by this court in *Bush v. Eckman*, Licking App. No. 07CA0115, 2008-Ohio-5080, ¶23:

{¶14} "In making its determination of whether to permit a withdrawal or amendment of the admissions, the trial court is required to consider the elements of Civ.R. 36(B). Ohio courts have stylized this consideration into a multi-pronged analysis. See *Kutcscherousky v. Integrated Communications Solutions,* LLC, 5th Dist. No.2004CA00338, 2005-Ohio-4275; *RKT Properties, LLC v. City of Northwood,* 6th Dist. No. WD-05-009, 2005-Ohio-4178; *Farmers Ins. Of Columbus, Inc. v. Lister,* 5th Dist. No, 2005-CA-29, 2006-Ohio-142; *B & T Distributors v. CSK Const., Inc.,* 6th Dist. No. L-07-1362, 2008-Ohio-1855. First, there is the overreaching goal that cases should be resolved on their merits. The court must determine whether the amendment or withdrawal of the admissions will aid in presenting the merits of the case. *Cleveland*

*Trust,* 20 Ohio St.3d at 67. If the court so determines, the burden then shifts to the party who obtained the admissions to establish that the withdrawal or amendment will prejudice the party in maintaining their action. *Id.; Balson v. Dodds* (1980), 62 Ohio St.2d 287, 405 N.E.2d 293, paragraph two of the syllabus. 'Against this prejudice, the court must weigh the "compelling" circumstances that led to the failure to respond to the request for admissions.' *RKT Properties,* supra at ¶12, citing *Cleveland Trust,* supra and *Balson,* supra."

{¶15} As it pertains to unanswered admissions, Civ.R. 36(A) states:

{¶16} "Each matter of which an admission is requested shall be separately set forth. The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of a printed copy of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. Failure to provide an electronic copy does not alter the designated period for response, but shall constitute good cause for the court to order the period enlarged if request therefor is made pursuant to Rule 6(B) before the expiration of the designated period."

{¶17} Appellant served appellee with admissions on May 6, 2010. See, Certificate of Service on First Request for Admissions, attached to Plaintiff's February 4, 2011 Motion for Summary Judgment as Exhibit E. Appellant represented himself until August 3, 2010, well after the June 2010 due date for the admissions. However, in

proceeding pro se, appellant was no stranger to the court system. He filed an answer, counterclaim, and several motions while the case was in Municipal Court, and filed numerous filings after the case was transferred to Common Pleas Court, including a motion for leave to plead (January 13, 2010), an answer to the complaint (February 17, 2010), a request for mediation (February 17, 2010), a first amended counterclaim (February 17, 2010), a motion to take appellee's deposition (July 9, 2010), a motion for temporary restraining order (July 9, 2010), a motion for continuance (July 9, 2010), a motion to inspect property (July 9, 2010), and a motion for first discovery and interrogatories (July 9, 2010).

{¶18} The trial court dealt with appellant's inability to follow the Civil Rules when it granted appellee's April 8, 2010 motion to compel defendant to serve plaintiff with "all filings made by the Defendant as of July 15, 2010," including his amended counterclaim, answer to the amended complaint, request for mediation, and motion for leave. See, Judgment Entry filed July 16, 2010.

{¶19} We note the admissions were served upon appellant at his post office box, the same address used to notify appellant of the mediation for which he appeared, and the same address appellant used on his own filings.

{¶20} Upon review, we cannot find the trial court abused its discretion in denying appellant's request to modify his admissions.

{¶21} Assignment of Error I is denied.

II

{¶22} Appellant claims the trial court erred in granting summary judgment to appellee because there existed a genuine issue of material fact as to the applicability of R.C. Chapter R.C. 1345, the Home Solicitation Act.  We disagree.

{¶23} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶24} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶25} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.  *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶26} In his affidavit attached to his February 24, 2011 motion to amend admissions, appellant averred the original negotiation for the construction job did not occur at appellee's home; therefore, the Home Solicitation Act does not apply.  The

discussion on the construction job was initiated at Hondros College wherein the parties attended real estate licensing classes.

{¶27} As the trial court noted in its judgment entry filed March 15, 2011, its decision was predicated on appellee's legal arguments and the admissions: "Upon review of the pleadings and supporting documents, including but not limited to the Defendant's Admissions, the Court finds that there are no genuine issues of material fact."

{¶28} R.C. 1345.21(A) defines a "home solicitation sale" as follows:

{¶29} " 'Home solicitation sale' means a sale of consumer goods or services in which the seller or a person acting for the seller engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business."

{¶30} R.C. 1345.21(H) defines "place of business" as "the main office, or a permanent branch office or permanent local address of a seller."

{¶31} Included in the admissions, attached to appellee's motion for summary judgment filed February 4, 2011 as Exhibit E, are the following issues apart from the breach of contract claim which is not challenged sub judice:

{¶32} "3. Admit that at all times relevant, Contractor did not have a separate and distinct 'business establishment' for his construction/rehab business.

{¶33} "4. Admit that at all times relevant, Contractor entered into a contract with Plaintiff at her private residence in Canton, Ohio, a copy of which is attached to the Plaintiff's Amended Complaint as Exhibit 'A'.

{¶34} "5. Admit that at all times relevant, Contractor never delivered a Notice of Cancellation to Plaintiff as required by R.C. 1345.23.

{¶35} "13. Admit that Defendants committed unfair trade practices and consumer violations as against Plaintiff in violation of the Consumer Sales Practices Act and the Deceptive Trade Practices Act.

{¶36} "14. Admit that as a direct and proximate result of the Defendants acts of violating the CSPA, the Plaintiff has been damaged in the amount of $12,000.00.

{¶37} "15. Admit that the Defendants violated the Homes Sales Solicitation Act ('HSSA').

{¶38} "16. Admit that Defendants still have not complied with the HSSA.

{¶39} "18. Admit that the Defendants have failed to honor the Plaintiff's Notice of Cancellation by failing to: a) refund all payments made under the contract; b) notify the Plaintiff, within 10 business days of receipt of the Notice of Cancellation, whether Defendants intend to repossess or abandon any shipped or delivered goods; and, c) inform the Plaintiff orally of her right to cancel.  By virtue of these acts, the Defendants have committed 3 additional HSSA violations, and, vis-à-vis, have caused multiple independent violations of the CSPA, a remedial statute setting forth cumulative penalties and damages and awards of fees, including reasonable attorney fees."

{¶40} Appellant argues that merely because a contract is signed at the buyer's home, it is insufficient to establish a home solicitation. Otherwise, R.C. Chapter 1345 would be applicable to any construction change orders.

{¶41} Although not specifically relied upon in the trial court's decision, we find Admission Nos. 13 and 15 are not factual admissions, but conclusions of law. Therefore, they are legal conclusions within the sole purview of the trial court.

{¶42} Appellee's affidavit, attached to her motion for summary judgment filed February 4, 2011 as Exhibit G, averred the following:

{¶43} "4. At all times relevant, Robert Smith did not have a separate and distinct 'business establishment' for his construction/rehab business. He operated his business from his personal cell phone.

{¶44} "5. At all times relevant, Robert Smith entered into contracts with me at my private residence in Canton, Ohio, a copy of which is attached to the Plaintiff's Amended Complaint as Exhibit 'A'. At that time, I was a single-mom and first-time home buyer. I was not engaged in any business, vocation, or occupation regarding my transactions with Robert Smith."

{¶45} We find the following facts to be undisputed:

{¶46} 1) Appellant did not have an office or place of business (Admission No. 3; Appellee's Affidavit).

{¶47} 2) The parties' initial discussion regarding the construction job occurred at Hondros College.

{¶48} 3) The contract for the construction job was signed at appellee's home (Admission No. 4; Appellee's Affidavit).

{¶49} 4) The contract did not conform to the requirements of R.C. Chapter 1345 (Admission No. 5; Appellee's Affidavit).

{¶50} 5) The damages alleged are admitted as true via Admission Nos. 19 and 21.

{¶51} 6) Appellant breached the contract (Admission Nos. 7, 8, 9, 10, and 11).

{¶52} We find these facts were sufficient to establish that appellant did not have "a place of business" as defined in R.C. 1345.21(H), and the signing of the contract occurred at appellee's home.

{¶53} On the undisputed facts, we find appellant was a "seller" under the act, the contract was a home solicitation contract, and the buyer's right to cancel provision was not included in the contract.

{¶54} Based upon the admissions, the damages were unchallenged; therefore the trial court was correct in granting summary judgment to appellee.

{¶55} Assignment of Error II is denied.

{¶56} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ Julie A. Edwards_____

JUDGES


SGF/sg 1213

[Cite as *Himes v. Smith*, 2012-Ohio-184.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EMILY D. HIMES | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT D. SMITH, ET AL. | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 2011CA00086 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellants.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ Julie A. Edwards_____

JUDGES