DeFRANCO et al., Appellants,

v.

SHAKER SQUARE OF OHIO LLC et al., Appellees.

[Cite as *DeFranco v. Shaker Square of Ohio LLC,*
158 Ohio App.3d 105, 2004-Ohio-3864.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 83733.

Decided July 22, 2004.

106

Cynthia D. Smith, for appellant.

Anne E. Leo and Robert J. Koeth, for appellees.

---

Rocco, Judge.

{¶ 1} Plaintiffs–appellants Sylvia E. DeFranco and Nutri–Health Trends, Inc., d.b.a. Feel Rite Health Foods ("Nutri–Health") appeal from a common pleas court order dismissing their complaint with prejudice. Appellants argue that they obtained proper service against the defendants-appellees via a special process server, who made service at the defendants' last known address and on the defendants' agent. Furthermore, appellant DeFranco asserts that the court erred by dismissing her claims as barred by res judicata.

{¶ 2} We find that the court properly dismissed appellants' claims for failure to perfect service. However, we hold that the court should have dismissed those claims pursuant to Civ.R. 4(E) and 41(B)(4) without prejudice, not with prejudice. Therefore, we modify the dismissal entry to state that the dismissal is without prejudice and affirm the dismissal as modified.

{¶ 3} Appellants having failed to perfect service, the common pleas court lacked personal jurisdiction over any of the defendants. For this reason, the court's judgment is void to the extent that it determined that appellants' claims are barred by res judicata. Therefore, we vacate this portion of the common pleas court's order.

## Procedural History

{¶ 4} DeFranco and Nutri–Health filed this action on August 2, 2002, asserting claims of fraud, defamation, negligent and intentional interference with business relations, and breach of contract against defendants-appellees, Shaker Square of

Ohio LLC, Adam Fishman, Centerpoint Properties, Randy Ruttenberg, Rosen Associates Developers, and Clifford D. Rosen. Certified mail service was attempted on all defendants at 23625 Commerce Park Road, Suite 202, Beachwood, Ohio 44122 but was returned to the clerk of courts as "not deliverable as addressed" on August 14, 2002.

{¶ 5} On February 12, 2003, the common pleas court noted that a review of the docket revealed that the defendants had not been served and warned that unless good cause was shown within 30 days, the action would be dismissed without prejudice. DeFranco and Nutri–Health were granted an extension of time to obtain service. On April 7, 2003, the court designated a special process server to serve the summons and complaint upon the defendants "personally or by business service." The court further ordered that "[p]laintiffs shall have 30 days from the date of this order to make return of service."

{¶ 6} On May 29, 2003, returns of service were filed indicating that each defendant had been served on May 14, 2003, "c/o Ron Szaibril" and "Hand Delivered at Shaker Square." Defendants filed a motion to quash service and a motion to dismiss on June 6, 2003. At the request of DeFranco and Nutri–Health, the court converted the motion to dismiss into a motion for summary judgment, to which DeFranco and Nutri–Health responded. Thereafter, the court entered judgment as follows:

{¶ 7} "Having carefully reviewed [defendants' motion] to quash service and [motion] for summary judgment * * *, as well as all related briefs thereafter, the court finds the doctrine of res judicata bars this action from further prosecution. The court additionally finds service of process was not perfected on any defendant within the time period prescribed by the court. Thus, the motions are granted in part and the action is dismissed with prejudice, with costs assessed to plaintiffs. Final."

*Law and Analysis*

{¶ 8} The first three assignments of error challenge the common pleas court's dismissal of the complaint for failure of service. Therefore, we consider them together.

{¶ 9} Appellants seemingly contend that the special process server made service upon the defendants at the last known address of their statutory agent by leaving the summons and complaint with the receptionist there on April 17, 2003. Appellants knew that the defendants would not be found at this address because their prior attempt at certified mail service at this address had failed eight months earlier. The special process server's attempt to serve the defendants again at this address was not reasonably calculated to reach them. See *Akron–Canton Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 16 O.O.3d

436, 406 N.E.2d 811; *Clark v. Marc Glassman, Inc.*, Cuyahoga App. No. 82578, 2003-Ohio-4660, 2003 WL 22053446, ¶ 23–30. Moreover, service did not in fact reach the defendants. The process server's affidavit indicates that the receptionist contacted him to retrieve the summonses and subpoenas and he did so. Therefore, appellants did not achieve service on the defendants at the Beachwood address on April 17, 2003.

{¶ 10} Appellants next assert that the process server successfully achieved service upon the defendants by handing a copy of the summonses and complaints to a Ron Szaibel, a maintenance worker at Shaker Square, on May 14, 2003. Appellees provided the trial court with an affidavit from Szaibel, indicating that he was not an employee or agent of any of the defendants. Appellants apparently accept that Szaibel did not have actual authority to accept service for the defendants but urge us to find that Szaibel was an apparent agent of the defendants who could accept service on their behalf.

{¶ 11} "[I]n order for a principal to be bound by the acts of his agent under the theory of apparent agency, evidence must affirmatively show: ' "* * * (1) [t]hat the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority. The apparent power of an agent is to be determined by the act of the principal and not by the acts of the agent; a principal is responsible for the acts of an agent within his apparent authority only where the principal himself by his acts or conduct has clothed the agent with the appearance of the authority and not where the agent's own conduct has created the apparent authority. * * *" ' *Logsdon v. ABCO Constr. Co.* (1956), 103 Ohio App. 233, 241–242, 3 O.O.2d 289, 293, 141 N.E.2d 216, 223." *Master Consol. Corp. v. BancOhio Natl. Bank* (1991), 61 Ohio St.3d 570, 576, 575 N.E.2d 817.

{¶ 12} DeFranco argues that appellee Ruttenberg gave Szaibel the appearance of authority by telephonically instructing him to accept the summons and complaint on behalf of all of the appellees.[1] The difficulty with this argument is that Ruttenberg never spoke to the process server. Thus, he did not make any representations to the process server to induce him to rely on Szaibel's authority to accept service. Rather, the process server relied on Szaibel's representations

---

1. Although appellants' apparent-authority argument fails on its face, we also note that Ruttenberg could not have given Szaibel express or apparent authority to accept service for the other two individual defendants or for Rosen Associates Developers because there is no evidence that Ruttenberg was the agent for these defendants.

of the authority allegedly given to him by Ruttenberg. This is not sufficient to demonstrate apparent authority.

{¶ 13} Szaibel did not have actual or apparent authority to accept service on behalf of any of the defendants. Therefore, service upon him was ineffective. Appellants having failed to perfect service on any of the defendants within one year after the complaint was filed, the court never acquired personal jurisdiction over the defendants, and the action was never commenced within the meaning of Civ.R. 3(A). Therefore, the court properly dismissed the complaint.

■ {¶ 14} Pursuant to Civ.R. 41(B)(4), a dismissal for lack of personal jurisdiction operates as an adjudication "otherwise than on the merits," so the dismissal should have been entered without prejudice, not with prejudice. See *Abel v. Safety First Indus., Inc.,* Cuyahoga App. No. 80550, 2002-Ohio-6482, 2002 WL 31667308, ¶ 36. Accordingly, we modify the judgment to reflect that the dismissal of appellant's claims was without prejudice.

■ {¶ 15} Lacking personal jurisdiction over appellees, the common pleas court had no power to consider the merits of appellants' claims. *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 59 O.O. 74, 133 N.E.2d 606. Therefore, the court order is void to the extent it dismissed appellants' claims on res judicata grounds. Accordingly, we vacate this portion of the dismissal entry.

Judgment vacated in part,
modified in part
and affirmed as modified.

KILBANE, P.J., and DYKE, J., concur.