# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106587**

## FOUROUGH BAKHTIAR

PLAINTIFF-APPELLEE

vs.

## MEHDI SAGHAFI

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-13-346931

**BEFORE:** Blackmon, J., McCormack, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 20, 2018

[Cite as *Bakhtiar v. Saghafi*, 2018-Ohio-3796.]
**ATTORNEYS FOR APPELLANTS**

**For Mehdi Saghafi**

Charles V. Longo
Charles V. Longo Company, L.P.A.
25550 Chagrin Boulevard, Suite 320
Cleveland, Ohio 44122

Bradley Hull
3681 South Green Road, Suite 208
Beachwood, Ohio 44122

David G. Weilbacher
12711 Gordon Street
North Royalton, Ohio 44133

**For Dariush Saghafi**

Dariush Saghafi, pro se
2741 Belgrave Road
Pepper Pike, Ohio 44124

**For Jamesheed Saghafi**

Jamesheed Saghafi, pro se
6314 Gale Drive
Seven Hills, Ohio 44131

**For Kourosh Saghafi**

Kourosh Saghafi, pro se
5620 Kenneth Avenue
Parma, Ohio 44129

**For Franklin Templeton Investments**

William J. Stavole
Tucker Ellis, L.L.P.
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113

**For Key Bank**

William Patrick Cloonan
4910 Tiedman, Third Floor
Brooklyn, Ohio 44144

**ATTORNEYS FOR APPELLEES**

**For Fourough Bakhtiar**

Joyce E. Barrett
James P. Reddy, Jr.
Law Offices of Joyce E. Barrett
55 Public Square, Suite 1260
Cleveland, Ohio 44113

**For Zachary Simonoff**

Zachary B. Simonoff
124 Middle Avenue, Unit 500
Elyria, Ohio 44052

PATRICIA ANN BLACKMON, J.:

{¶1} Defendant-appellant, Mehdi Saghafi ("husband"), appeals from the order of the domestic relations court that denied his motion to vacate and declare void all judgments issued in the divorce action filed by plaintiff-appellee, Fourough Bakhtiar ("wife"), including the final divorce decree issued in 2015. The husband assigns two errors for our review that challenge the trial court's determination that it had personal jurisdiction over the wife, and that the husband's motion to vacate is barred by res judicata.

{¶2} Having reviewed the record and pertinent law, we affirm. The apposite facts follow.

{¶3} The parties were married in 1959 in Iran. On May 3, 2013, the husband and the couples' son filed applications in the Lorain County Court of Common Pleas, Probate Division, to be appointed guardian of the wife. Several days later, the wife filed a complaint for divorce in the Cuyahoga County Court of Common Pleas, Domestic Relations Division. *State ex rel. Saghafi v. Celebrezze*, 8th Dist. Cuyahoga No. 102746, 2015-Ohio-1159, ¶ 2. In July 2013, the husband moved to stay the divorce action pending the outcome of the probate action, asking the court to dismiss or "stay the proceedings until such time as an appropriate guardian has been appointed, and said guardian can intervene on [the wife's] behalf." On October 31, 2013, while the motion to stay was pending, the parties agreed in the probate court that the wife is in need of a guardianship. On November 25, 2013, the couple's daughter was appointed interim guardian of the wife's person and Steven Sartchev was appointed interim guardian of her estate, but the probate court further directed that the parties not proceed with the divorce until it issued final orders. In January 2014, the wife retained her present counsel, and

the following month, on February 11, 2014, or prior to the domestic relations court's ruling on the husband's motion to stay divorce proceedings, the wife moved to substitute the interim guardians as plaintiffs in the divorce. On February 26, 2014, the domestic relations court granted this motion and denied the husband's motion to dismiss or stay the divorce proceedings. By October 2014, Zachary Simonoff was appointed guardian of the wife's estate; two months later, in December 2014, he was also substituted as a party-plaintiff in the divorce.

{¶4} In December 2014, the guardians filed a motion in probate court seeking permission to proceed with the divorce case. *In re Guardianship of Bakhtiar*, 9th Dist. Lorain No. 15CA010721, 2016-Ohio-8199, at ¶ 2. In December 2014, the probate court issued a judgment authorizing the wife's guardian "to proceed in the Cuyahoga County Domestic Relations case through to final divorce." *Id.* at ¶ 2-7; *State ex rel. Saghafi v. Celebrezze*, 2015-Ohio-1159, ¶ 3. In relevant part, the probate court stated:

1. That the ward, [the wife] has expressed her desire to be divorced from her husband * * * on numerous occasions.

2. That the GAL's report confirms that [the wife] wants to be divorced and that she "knows" what she wants.

3. That [the wife] previously filed for divorce.

4. While [the wife] needs a Guardian to oversee her needs, she has the ability to express that she wants a divorce and why.

**{¶5}** The husband appealed the probate court ruling, but his appeal was ultimately dismissed as moot. *In re Guardianship of Bakhtiar*, 2016-Ohio-8199. A dissenting judge stated that he would affirm the case on the merits, and stated:

> In the present case, the probate court exercised its discretion as superior guardian of [the wife] when it authorized the guardian to proceed with the final divorce hearing. In its December 3, 2014 judgment entry, the probate court stated that after reviewing the Guardian Ad Litem report and the briefs in opposition and support, it found the report confirmed that [the wife] "wants to be divorced and that she 'knows' what she wants." Additionally, the probate court found that "[w]hile [the wife] needs a Guardian to oversee her needs she has the ability to express that she wants a divorce and why." Upon review of the Guardian Ad Litem report, it states that "[the wife] is an extremely articulate and intelligent woman who is able to express herself well." The probate court considered the Guardian Ad Litem's findings in making its decision and reviewed the briefs in opposition and support; therefore, I do not hold that the probate court abused its discretion in finding the ward is capable of expressing her feelings regarding divorce and authorizing the guardian to proceed through final decree.

*Id.* at ¶ 29.

**{¶6}** The husband next sought a writ of prohibition to bar the domestic relations court from proceeding, arguing that there was no "complaining party to the divorce action willing and able to proceed." *State ex rel. Saghafi,* 2015-Ohio-1159, at ¶ 4. In denying the writ, this court determined that the domestic relations court had subject matter jurisdiction, and that the challenge to the wife's competency did not deprive the domestic relations court of jurisdiction. *Id.* at ¶ 7. This court additionally framed the husband's challenge to the domestic relations court's jurisdiction as a "lack of standing to prosecute

an action in divorce," which, if proven would merely render a divorce voidable and not void. *Id.* at ¶ 8.

**{¶7}** The husband again moved to dismiss the divorce proceedings on February 2, 2015, arguing that the wife is incompetent and is being subjected to undue influence from her daughter. The domestic relations court denied this motion and the divorce proceeded to trial in June 2015. The domestic relations court issued a final divorce decree on October 28, 2015. As is relevant herein, the court noted that it had relied upon:

> a stipulation made by the parties in 2013 that [the wife] had "clearly and cogently" stated to the probate court that she desired to be divorced and also relied on testimony from her legal guardian to establish that [the wife] desired a divorce.

*Bakhtiar v. Saghafi*, 2016-Ohio-8052, 75 N.E.3d 80, ¶ 1 (8th Dist.). The court also noted that "jurisdiction and venue are proper."

**{¶8}** On appeal, the husband raised eight assignments of error. As is relevant herein, the husband argued that the trial court erred by: failing to determine whether the wife was competent to speak on her own behalf regarding her desire to obtain a divorce; "imposing a divorce upon [the wife] through the guardian" in the absence of testimony from the wife; "relying upon the hearsay testimony [of the guardian] regarding the wife's intentions and desire for the divorce"; and relying upon the findings of the probate court. This court rejected all eight assigned errors and affirmed the couple's divorce decree. This court noted that "[t]here is no indication in this case that [the wife] did not want a

divorce, even after being declared incompetent," and the wife's guardian had been substituted as a party-plaintiff in the case. *Id*. at ¶ 12-13. Additionally, the "guardian's continued prosecution of the case appeared consistent with [the wife's] own wishes: the probate court found in 2015, that Bakhtiar 'has consistently stated that she wishes to proceed with the divorce.'" *Id*. at ¶ 13.

{¶9} On August 21, 2017, the husband's present counsel filed a notice of appearance in the action. On that same date, the husband's new counsel initiated the current proceedings by filing a motion in the domestic relations court to vacate and declare void all judgments rendered by the domestic relations court. In relevant part, the husband argued that the domestic relations court "did not possess personal jurisdiction" over the wife due to her incompetence and her former counsel's failure to timely advise the court of the wife's mental status. He argued that the wife's attorney violated Civ.R. 25 by failing to file a suggestion of incompetence with the domestic relations court and a motion to substitute the guardian within 90 days of learning of the wife's incompetence, i.e., October 14, 2013. In opposition, the wife's attorney noted that the guardians were substituted as party-plaintiffs within 90 days of their appointment in the probate court, and were parties well in advance of the issuance of the final divorce decree. The domestic relations court denied the husband's motion on November 17, 2017, ruling that this issue had been decided in three separate cases and was barred by res judicata.

### Suggestion of Incompetence

**{¶10}** The husband asserts that in dealing with an incompetent party, the motion for substitution must be filed within 90 days of counsel's knowledge of incompetence, and that failure to do so in this matter renders the divorce void.

**{¶11}**   Civ.R. 25 provides:

(A) Death. (1)   If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties.   * * * Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

* * *

(B) Incompetency.   If a party is ***adjudged*** incompetent, the court upon motion served as provided in division (A) of this rule shall allow the action to be continued by or against the party's representative.   (Emphasis added.)

**{¶12}**   The husband asserts that in dealing with an incompetent party, the motion for substitution must be filed within 90 days of counsel's knowledge of incompetence. However, Civ.R. 25(B) clearly states that the motion to substitute is to be filed after the party is "adjudged incompetent." *See Boyd v. Edwards*, 4 Ohio App.3d 142, 145, 446 N.E.2d 1151 (8th Dist.1982); *Summit Gardens Assn. v. Lemongelli*, 11th Dist. Portage No. 2006-P-0050, 2007-Ohio-6720, ¶ 87-89; *Carter v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2015-00039, 2015 Ohio Misc. LEXIS 205.   *Accord In re Hollins*, 8th Dist. Cuyahoga Nos. 86412 and 86574, 2006-Ohio-1543, ¶ 10 (it is immaterial for the purposes

of subject matter jurisdiction whether the ward was treated as an incompetent when there is no finding by the probate court that the ward is incompetent.).

{¶13} Further, Civ.R. 25(B) contemplates substitution of the guardian as the plaintiff in the action, but there is no guardian until the appointment by the probate court. *See generally* R.C. 2111.02 (outlining hearing requirements). Accordingly, there is no basis for concluding that knowledge of claimed incompetency triggers a duty to substitute a guardian in the action within 90 days. In any event, in this matter the wife's counsel did move to substitute the interim guardians in the domestic relations case on February 11, 2014, or well within the 90 days from their November 25, 2013 interim appointment. When the permanent appointments were made in October 2014, Zachary Simonoff was substituted in the case within two months. Moreover, Civ.R. 17(A) provides, in relevant part, that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Then, substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. Civ.R. 17(A). Accordingly, there is no basis for concluding that the matter proceeded to trial without a key party or that the case should have been dismissed.

{¶14} Moreover, insofar as the husband argues that there was a defective lack of standing at the time the domestic relations complaint was filed, the issue of lack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to

collaterally attack a judgment. *See Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, paragraph two of the syllabus. Further, lack of standing does not affect the court's subject matter jurisdiction and cannot be raised to collaterally attack a judgment. *Id.* at paragraph three of the syllabus. Here, the claim of lack of standing was previously raised in 2015. *See State ex rel. Saghafi*, 2015-Ohio-1159, ¶ 8. It does not afford a basis for collateral attack herein.

{¶15} In accordance with the foregoing, we conclude that this matter is not void and subject to collateral attack for failure to timely move for substitution of parties.

## Res Judicata -- Personal Jurisdiction

{¶16} The husband also argues that the wife could not obtain a divorce due to the incompetency guardianship. He asserts that the domestic relations court did not obtain personal jurisdiction over the wife, rendering all of the court's proceedings void and outside the bar of res judicata.

{¶17} Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Twp*., 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995); *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990).

{¶18} The authority to vacate a void judgment is an inherent power possessed by Ohio courts and is not derived from Civ.R. 60(B). *Patton v. Diemer*, 35 Ohio St.3d 68,

518 N.E.2d 941 (1988), paragraph four of the syllabus; *State ex rel. Ballard v. O'Donnell*, paragraph one of the syllabus.

{¶19} In the event that a trial court does not obtain personal jurisdiction over a party to an action, any resulting judgment is void. *Illum. Co. v. Riverside Racquet Club, Ltd.*, 165 Ohio App.3d 153, 2005-Ohio-5548, 845 N.E.2d 526, ¶ 12 (8th Dist.). If the prior judgment was void, then it cannot be res judicata. *Id.*; *DeFranco v. Shaker Square*, 158 Ohio App.3d 105, 2004-Ohio-3864, 814 N.E.2d 93, ¶ 3 (8th Dist.). However, after litigation of a personal jurisdiction question, the trial court's determination that it has personal jurisdiction is not subject to collateral attack. *State ex rel. DeWine v. C & D Disposal Techs.*, 2016-Ohio-476, 58 N.E.3d 614, ¶ 26 (7th Dist.), citing *Sherrer v. Sherrer*, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948). *See also Emig v. Massau*, 140 Ohio App.3d 119, 124, 746 N.E.2d 707 (10th Dist.2000); *Prouse, Dash & Crouch, L.L.P. v. DiMarco*, 8th Dist. Cuyahoga No. 96728, 2012-Ohio-12, ¶ 15.

{¶20} In this matter, the issue of the domestic relations court's personal jurisdiction over the wife was extensively litigated throughout the proceedings. That is, the husband raised this issue in July 2013 and February 2015. The contention was rejected twice by the trial court before it was raised in 2017, giving rise to the instant proceedings. Moreover, in the 2016 appeal, the husband also raised the challenge of personal jurisdiction by disputing the *guardian's* right to participate in the domestic relations case, a position which is inconsistent with the one he takes herein.

Accordingly, the issue of personal jurisdiction is barred by res judicata and does not afford a basis for disturbing the final divorce decree entered in 2015.

### Subject Matter Jurisdiction

{¶21} The bar of res judicata does not apply where the prior action was void for lack of subject matter jurisdiction. *See State v. Wilson*, 73 Ohio St.3d 40, 46, 652 N.E.2d 196 (1995), fn. 6. However, where the question of subject matter jurisdiction has been fully litigated, res judicata applies to the final determination and it is not subject to collateral attack. *Lewis v. Cleveland*, 8th Dist. Cuyahoga No. 95110, 2011-Ohio-347, ¶ 18.

{¶22} In this matter, this court has previously determined that the domestic relations court possessed subject matter jurisdiction over the couple's divorce. *State ex rel. Saghafi,* 2015-Ohio-1159, ¶ 7. Having been fully litigated, the question of the domestic relations court's subject matter jurisdiction is res judicata and cannot be challenged in a collateral attack. *Lewis.* Further, the claim that the domestic relations court lacked personal jurisdiction over the wife has been repeatedly litigated and rejected. Accordingly, the claims raised herein that challenge jurisdiction are barred by res judicata and do not afford a basis for disturbing the final divorce decree entered in 2015.

{¶23} The assigned errors are without merit.

{¶24} The order of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

TIM McCORMACK, P.J., and
MELODY J. STEWART, J., CONCUR