[Cite as *Skouri v. Skouri*, 2025-Ohio-769.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

GHADA SKOURI                                  :
                                              :
    Appellee                              :      C.A. No. 30181
                                              :
v.                                            :      Trial Court Case No. 2008 DR 00231
                                              :
HADI SKOURI                                   :      (Appeal from Common Pleas Court-
                                              :      Domestic Relations)
    Appellant                             :
                                              :

. . . . . . . . . . .

O P I N I O N

Rendered on March 7, 2025

. . . . . . . . . . .

BRANFORD D. BROWN, Attorney for Appellant

MICHAEL A. SHEETS, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Hadi Skouri appeals from the trial court's May 13, 2024 judgment entry emancipating one of the parties' two children and ordering him to pay a substantial child-support arrearage.

{¶ 2} Hadi contends the trial court erred in proceeding despite a lack of personal jurisdiction over him. He also claims the trial court erred in failing to ensure that he

received service of prior notices affecting his rights and responsibilities. Finally, he argues that the trial court erred in requiring him to pay child support when his ex-wife, appellee Ghada Skouri, willfully hid their children and interfered with his parenting time for 16 years.

{¶ 3} For the reasons set forth below, we conclude that res judicata precludes Hadi from challenging the trial court's personal jurisdiction. His argument about not receiving notices is persuasive, however, insofar as it relates to an April 9, 2024 notice that preceded the trial court's May 13, 2024 judgment entry on appeal. In that notice, which was not served on Hadi, the trial court granted him an opportunity to object to emancipation and a child-support arrearage. Absent proper service of the notice, Hadi was deprived of his opportunity to object. Consequently, the trial court's May 13, 2024 entry emancipating one of the parties' children and ordering Hadi to pay the arrearage will be reversed. The case will be remanded to give Hadi an opportunity to object and raise his argument about Ghada's alleged actions impacting his child-support obligation.

## I. Background

{¶ 4} The parties married in Beirut, Lebanon in 2003. They had two children who were born in 2005 and 2006. Ghada filed a divorce complaint in 2008. At that time, she was residing in Montgomery County and Hadi was living in Lebanon. Following a hearing for which Hadi did not appear, the trial court filed a final judgment and decree of divorce in September 2008. As relevant here, the decree designated Ghada as the children's residential parent and legal custodian. It ordered Hadi to pay total child support of $790 per month. Regarding parenting time, the decree provided that "any visitations by Husband-Defendant agreed to by the parties shall be supervised by a mutually

designated third party until further order[.]"

{¶ 5} In September 2009, Hadi moved to vacate the divorce decree under Civ.R. 60(B). He alleged that defective service of process had deprived the trial court of personal jurisdiction over him, rendering the divorce decree void. Following briefing, a magistrate held a hearing on Hadi's motion. Although Hadi did not personally appear, an attorney appeared on his behalf. Based on the evidence presented, the magistrate overruled Hadi's motion. Hadi filed objections and supplemental objections. In August 2011, the trial court filed a decision and judgment entry rejecting all of Hadi's objections and overruling his Civ.R. 60(B) motion.

{¶ 6} Following the trial court's rejection of Hadi's personal-jurisdiction argument, nothing substantive occurred in the case for nearly 10 years. The next substantive filing was a January 2021 motion for a change of parenting time filed by Hadi. Given his location in Lebanon, he sought parenting time through Zoom or a similar means. Thereafter, in February 2022, Ghada moved to have Hadi held in contempt for non-payment of child support. A magistrate held a hearing on Hadi's parenting-time motion. The magistrate sustained the motion in April 2022, granting him various forms of telephone, video, and electronic parenting time. That same month, the magistrate filed a decision adding a $100 per month arrearage payment to Hadi's child-support obligation. In July 2022, the trial court overruled objections from Hadi to the magistrate's child-support arrearage decision. In July 2023, the trial court overruled Ghada's objections and supplemental objections to the magistrate's parenting-time decision.

{¶ 7} Thereafter, on April 9, 2024, the trial court sua sponte filed a "Notice of

Emancipation and Order to Apply Current Support Amount to Arrearages." The filing advised the parties that their oldest child "should be emancipated on June 08, 2024." It also referenced a child-support arrearage of $155,548.37 as of April 3, 2024. The notice granted Hadi 14 days to object to the emancipation or the arrearage by filing a response form accompanying the notice. The notice warned that if Hadi did not object by filing the response form, the trial court would proceed with emancipation and order him to pay the arrearage.

{¶ 8} Hadi did not object, and the trial court filed its May 13, 2024, judgment entry emancipating the parties' oldest child. The entry also ordered Hadi to pay the arrearage as well as any required continuing support for the other child. On June 13, 2024, Hadi appealed from this entry, advancing three assignments of error. We issued a show-cause order, questioning whether the appeal should be dismissed as untimely. After initially finding our order not satisfied, we reconsidered that determination. In a July 29, 2024 ruling, we noted that the trial court's April 9, 2024 notice and its May 13, 2024 judgment entry both had been mailed to Hadi at an address in Cleveland, Ohio, where he apparently had not lived for more than 16 years. We observed that Hadi's most recent known address was in Beirut, Lebanon. Because he had not been properly served with the trial court's May 13, 2024 judgment entry, his time to appeal had been tolled by App.R. 4(A). Therefore, we found his notice of appeal timely.

{¶ 9} Hadi subsequently attempted to supplement the record by providing us with a "Statement of Evidence" consisting of exhibits that included records of divorce proceedings that occurred in Cleveland and in an ecclesiastical court in Lebanon. Except

for two proposed exhibits that already were part of the record on appeal, we declined to consider the proposed exhibits. In an October 8, 2024 order, we noted our inability to add materials to the record that were not part of the trial court's proceedings. With this limitation in mind, we turn now to Hadi's assignments of error.

## II. Analysis

**{¶ 10}** The first assignment of error states:

**The trial court proceeded with this case in spite of the failure to establish jurisdiction. The failure to recognize the Appellant's constitutional right to have service perfected prior to hearing this matter should prohibit the Court from entering any Orders and all previous orders should be nullified based on the fraudulent actions of the Appellee.**

**{¶ 11}** Hadi contends Ghada did not properly serve him with her 2008 divorce complaint. He asserts that she fraudulently sent the complaint and related documents to an address where she knew he did not reside. Under these circumstances, Hadi maintains that the trial court never obtained personal jurisdiction over him, rendering void the 2008 divorce decree and all subsequent orders.

**{¶ 12}** Notably, Hadi acknowledges previously raising the foregoing issue in his 2009 Civ.R. 60(B) motion. The trial court rejected his personal-jurisdiction argument predicated on defective service of process. Hadi now argues that the trial court erred in its 2011 decision and judgment entry denying him Civ.R. 60(B) relief. Among other things, he criticizes the trial court for crediting Ghada's testimony over an affidavit he had

submitted in support of his motion.

{¶ 13} Upon review, we find Hadi's personal-jurisdiction argument to be unpersuasive. Where a trial court lacks personal jurisdiction over a party, any resulting judgment is void. *Bakhtiar v. Saghafi*, 2018-Ohio-3796, ¶ 19 (8th Dist.). Moreover, a void judgment cannot be res judicata. *Id.* But "after litigation of a personal jurisdiction question, the trial court's determination that it has personal jurisdiction is not subject to collateral attack." *Id.* Once a personal-jurisdiction question has been litigated, a trial court's determination that personal jurisdiction exists is subject to res judicata. *Id.* at ¶ 20; *see also In re L.C.*, 2025-Ohio-193, ¶ 16 (2d Dist.) (holding that res judicata precluded the appellant's challenge to personal jurisdiction where the trial court previously had found personal jurisdiction to exist and the appellant had not appealed that determination); *Sun Coast Credit, Inc. v. Harlamert*, 1987 WL 16221, *3 (2d Dist. Aug. 26, 1987) ("The Florida court was satisfied that a contract existed which constituted the minimum contacts needed for proper assumption of personal jurisdiction. . . . That decision is res judicata since the jurisdictional issue was litigated[.]").

{¶ 14} Here Hadi challenged the trial court's personal jurisdiction over him in a Civ.R. 60(B) motion. Following a hearing, the trial court rejected his argument and denied his motion. Hadi did not appeal. Given that Hadi had previously raised and litigated the trial court's personal jurisdiction over him, res judicata precludes him from now challenging the validity of the 2008 divorce decree and all subsequent orders based on a lack of personal jurisdiction. Accordingly, the first assignment of error is overruled.

{¶ 15} The second assignment of error states:

**The Court has failed to exercise judicial accuracy in assuring that the Appellant received service of notices that [a]ffected his rights and responsibilities.**

{¶ 16} Hadi contends the trial court repeatedly has mailed documents to him at the wrong address. He argues that this lack of proper service deprived him of his rights throughout the divorce proceeding. He asserts that the trial court acted willfully when it sent documents to the wrong address. He alleges a violation of due process, a violation of the Civil Rules, and "cumulative error." Hadi maintains that "any adverse determinations made in the absence of effective notice should be subject to vacatur or remand."

{¶ 17} Hadi's second assignment of error fails to reference specific notices or documents that were mailed to the wrong address. As noted above, he previously denied having received service of the divorce complaint. The trial court rejected that argument when it overruled his Civ.R. 60(B) motion. The trial court's decision denying Civ.R. 60(B) relief indicates that it was served on Hadi's counsel. The record reflects that subsequent objections, decisions, orders, and entries related to Hadi's motion for a change of parenting time and Ghada's motion for contempt likewise were served on Hadi's counsel. We see no relevant documents that were sent to Hadi personally at an incorrect address between the filing of his 2009 motion for Civ.R. 60(B) relief and the filing of the trial court's more recent April 9, 2024 notice and its May 13, 2024 judgment entry addressing emancipation and his child-support arrearage.

{¶ 18} We do recognize, however, that both the trial court's April 9, 2024 notice

and the May 13, 2024 judgment entry on appeal were sent to Hadi at an address in Cleveland, Ohio, where he apparently had not lived for more than 16 years. In our July 29, 2024 order addressing the timeliness of Hadi's appeal, we found that the trial court's May 13, 2024 entry emancipating the older child and ordering Hadi to pay a support arrearage had not been sent to his last known address and, therefore, had not been properly served on him. We also recognized that the April 9, 2024 notice of the trial court's intent to emancipate the child and to order Hadi to pay the arrearage likewise had been mailed to the incorrect Cleveland address. Indeed, the summary of the trial court's docket and journal entries contains an April 10, 2024 notation indicating that the notice was sent to the old Cleveland address by ordinary mail. It follows, then, that Hadi, who resides in Lebanon, was not properly served with the trial court's April 9, 2024 notice either.

{¶ 19} The trial court's failure to serve Hadi with the April 9, 2024 notice of its intent to emancipate the oldest child and to order him to pay the arrearage was prejudicial because the lack of service likely prevented him from objecting to the trial court's proposed actions. The April 9, 2024 notice gave Hadi 14 days to challenge the emancipation or the arrearage by filing a response form. The notice stated that if Hadi did not object by filing the form, the trial court would proceed with emancipation and order him to pay the arrearage.

{¶ 20} Hadi did not object, and the trial court filed its May 13, 2024 entry emancipating the older child and ordering Hadi to pay the arrearage. Given that Hadi was not served with the trial court's April 9, 2024 notice, however, he lacked an opportunity to object. Moreover, his third assignment of error below makes clear that he does object to

the arrearage. That being so, he should have an opportunity to present his objection to the trial court in the first instance. Because the trial court's failure to send its April 9, 2024 notice to the correct address deprived Hadi of that opportunity, the trial court's May 13, 2024 judgment entry emancipating the child and ordering Hadi to pay the arrearage will be reversed.

{¶ 21} Hadi's second assignment of error is sustained insofar as it relates to his failure to be served with the trial court's April 9, 2024 notice or the May 13, 2024 judgment entry on appeal.

{¶ 22} The third assignment of error states:

**While the State of Ohio recognizes that Child Support and Parenting time are separate issues, it is a violation of due process for the Appellant to pay child support, based on the testimony of the Appellee, when that Appellee knowingly and willfully hid the children from the Appellant for over sixteen (16) years.**

{¶ 23} Hadi contends Ghada has "hidden" their children from him since moving from Cleveland in 2007. He argues that her long-standing interference with his parenting time should result in a reduction in his child-support obligation and arrearage. We express no opinion on the merits of this argument, which Ghada strongly opposes.

{¶ 24} The trial court's May 13, 2024 judgment entry emancipating the older child and ordering Hadi to pay the arrearage did not address Hadi's "interference" argument. He did not present this argument to the trial court, likely because he had not been served with the trial court's April 9, 2024 notice advising him of its intent to order payment of an

arrearage and giving him an opportunity to object by filing a response form. That being so, the proper course of action is to reverse the trial court's May 13, 2024 judgment entry, thereby affording Hadi a chance to object. Given our decision to remand the case for Hadi to pursue his "interference" argument as an objection to the arrearage, we overrule his third assignment of error as moot.

### III. Conclusion

**{¶ 25}** The May 13, 2024 judgment of the Montgomery County Common Pleas Court, Domestic-Relations Division, is reversed, and the case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.